UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTINNA SHUFORD,

    Plaintiff,

v.

MUSASHI AUTO PARTS MICHIGAN, INC.,

    Defendant.

_____/

Hon. Phillip J. Green

Case No. 1:21-cv-0149

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to enforce the settlement agreement reached during mediation. (ECF No. 41, 42). The Court conducted an evidentiary hearing on August 11, 2022, at which Plaintiff's former counsel, Scott Batey, and Plaintiff testified. The Court also questioned Defendant's counsel, Salvatore Pirrotta. Having considered the testimony of all involved, as well as the documentary evidence admitted during the hearing, the Court will grant the motion.

### Procedural History

Plaintiff filed the complaint in this matter on February 16, 2021, claiming that she was the victim of racial discrimination, sexual harassment, and retaliation during her employment with Defendant. (ECF No. 1). Plaintiff was represented by counsel, Scott Batey. Defendant filed an answer on April 19, 2021, denying any wrongdoing

or liability. (ECF No. 7). Defendant also affirmatively asserted that Plaintiff sexually harassed and threatened violence against other of Defendant's employees. (*Id.* at PageID.46).

Defendant also filed an unopposed motion for partial summary judgment based on Plaintiff's failure to exhaust her administrative remedies regarding her Title VII race-based employment discrimination claims under Title VII of the Civil Rights Act. (ECF No. 8). The motion was granted (ECF No. 11), and by stipulated order those claims were dismissed (ECF No. 16). An amended complaint was filed on May 3, 2021 (ECF No. 17), and an amended answer on May 13, 2021 (ECF No. 18).

On June 1, 2021, the Court issued a Case Management Order (CMO). (ECF No. 22).[1] The CMO set a February 4, 2022, deadline for completing discovery; a March 4, 2022, deadline for filing dispositive motions; and a September 26, 2022, trial date. (*Id.* at PageID.341). The CMO also required the parties to complete facilitative mediation no later than March 4, 2022. (*Id.* at PageID.342).

Plaintiff notified the Court of the parties' agreement as to who should serve as mediator. (ECF No. 24). The Court thereafter appointed the parties' selectee as mediator. (ECF No. 25).

---

[1] On May 18, 2021, the parties consented to the jurisdiction of a magistrate judge to conduct all proceedings, including trial and entry of final judgment. (Joint Status Report, ECF No. 19, PageID.327). The case was then assigned to the undersigned judicial officer pursuant to 28 U.S.C. § 636(c). (Order of Reference, ECF No. 20).

2

Defendant thereafter filed a motion for summary judgment. (ECF No. 35, 36). Defendant argued that Plaintiff lacked sufficient evidence to proceed to trial on any of her claims. (ECF No. 36). Defendant also relied upon what it described as undisputed testimonial evidence that Plaintiff had threatened violence against her co-workers; that an internal investigation corroborated that the threats had been made; and that Plaintiff's employment had been terminated as a result of the threats. (*Id.* at PageID.380-81).

The parties – including Plaintiff and her counsel, and Defendant's representative and Defendant's counsel – participated in a facilitative mediation on April 28, 2022. (May 2, 2022, Report of Voluntary Facilitative Mediation Session, ECF No. 39). The mediator reported to the Court that the case "settled in full." (*Id.* at PageID.550). The Court then issued an order requiring the parties to file the stipulated dismissal papers no later than May 26, 2022. (ECF No. 40).

On May 4, 2022, Defendant filed the pending motion to enforce the settlement agreement. (ECF No. 41). Defendant notes that the mediator had prepared a Term Sheet during the April 28 mediation setting out the terms of the settlement agreement reached between the parties. (*Id.* at PageID.552). Plaintiff's counsel executed the Term Sheet on behalf of Plaintiff. (*Id.*). Defendant also notes that, after the mediator's report was filed on May 2, Plaintiff's counsel sent an email stating that Plaintiff did not want to settle for the $30,000.00 agreed to during the mediation. (*Id.* at PageID.553).

3

On May 5, 2022, Plaintiff's counsel, Scott Batey, filed a motion to withdraw as counsel for Plaintiff. (ECF No. 44). Mr. Batey noted that "a serious breakdown of the attorney-client relationship [had] occurred," which prevented him from effectively representing Plaintiff. (*Id.* at PageID.568). The Court conducted a hearing on the motion on May 24, 2022, during which the Court granted the motion. (Minutes, ECF No. 49; Order, ECF No. 57). The Court gave Plaintiff thirty days to find new counsel.

On June 14, 2022, the Court received a letter from Plaintiff in which she complained about her inability to find an attorney who was willing to take her case. (ECF No. 52-1). She also complained that transcripts of witness depositions had been changed. (*Id.*). Plaintiff filed a *pro se* motion on June 21, 2022, for more time to find an attorney. (ECF No. 53).[2] The Court held a status conference on June 30, 2022, in which it discussed with Plaintiff her unsuccessful efforts to retain counsel, as well as the need to go forward with a hearing on the motion to enforce settlement. (Minutes, ECF No. 58). On the same date, the Court issued a notice scheduling an August 11, 2022, hearing on the motion to enforce settlement. (ECF No. 59).

The Court conducted an hour-long evidentiary hearing on August 11, 2022. (Minutes, ECF No. 63). Plaintiff and Mr. Batey each testified, and the Court received as evidence copies of the settlement Term Sheet prepared by the mediator (Exhibit A) and Mr. Batey's letter regarding an attorney lien (Exhibit B). The Court took the motion under advisement.

---

[2] That motion was denied during the August 11, 2022, hearing. (Order, ECF No. 64).

Discussion

District Courts have " 'inherent authority and equitable power to enforce agreements in settlement of litigation before it, even if that agreement has not been reduced to writing.' " *Moore v. U.S. Postal Service*, 369 F. App'x 712, 717 (6th Cir. 2010) (quoting *Bowater N. Am. Corp. v. Murray Mach., Inc.*, 773 F.2d 71, 76-77 (6th Cir. 1985)); *see also Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986 ("This circuit has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation before it. . . ."). The validity of an agreement is not predicated on the execution of a written document. "When parties have agreed to the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement." *RE/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001); *see also Anschutz v. Radiology Assoc. of Mansfield, Inc.*, 827 F. Supp. 1338, 1344 (N.D. Ohio 1993) ("The case law indicates that a settlement agreement may be enforced even where the agreement has not been arrived at in the presence of the Court nor reduced to writing." (citations omitted)).

Before enforcing a settlement agreement, however, the court must determine that an agreement has been reached on all material terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). The case law appears to be largely silent on the issue of the standard of proof. But, given the significance of such a finding, and in light of the fact that Plaintiff did not personally sign the Term Sheet, this Court will apply the clear and convincing evidence standard, rather than preponderant

5

evidence. *Cf. Anschutz*, 827 F. Supp. at 1344 ("[W]here there has been no judicial supervision of the settlement process, this Court holds that the moving party for judicial enforcement of the alleged agreement must establish by clear and convincing evidence that the parties entered into a settlement agreement resolving all issues.").

Factual findings regarding whether the parties agreed to the material terms of a settlement is subject to clear error review. *See RE/Max*, 271 F.3d at 645. The decision whether to enforce the settlement agreement is a matter of the court's sound discretion. *See Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 418 (citing *Dillow v. Ashland, Inc.,* 1999 WL 685941, at *1 (6th Cir. Aug. 24, 1999); *Johnson v. Hanes Hosiery*, 1995 WL 329453, at *1 (6th Cir. June 1, 1995)).

The Court finds that Defendant has met its burden by clear and convincing evidence that the parties agreed to the material terms of a settlement agreement during the April 28 mediation, the terms of which are recited in the Term Sheet prepared by the mediator. Mr. Batey testified that all the parties participated in the mediation session by zoom, including Plaintiff.[3] A number of demands and offers were exchanged before the parties agreed to a settlement amount of $30,000.00. Mr. Batey discussed all the terms of the settlement agreement with Plaintiff. While Plaintiff was not particularly happy with the amount of the settlement, she voluntarily and explicitly agreed to it. She also agreed to the other terms of the agreement that are included on the Term Sheet. The Term Sheet accurately reflects

---

[3] The audio recording of the hearing is available upon request.

all the terms to which Plaintiff agreed to resolve her case.[4] Mr. Batey signed the Term Sheet on behalf of Plaintiff because she was participating in the zoom mediation from another location and did not have the ability to sign it herself.

Mr. Batey testified that, while he recommended to Plaintiff that she accept the $30,000.00 offer, he made it clear that it was her decision. During the mediation session, Mr. Batey discussed with Plaintiff his concerns regarding the viability of her case in light of her former supervisor's testimony that Plaintiff had threatened violence against co-workers. He explained that this may be deemed to have formed a "good faith" basis for Defendant's decision to terminate Plaintiff's employment. Mr. Batey discussed with Plaintiff the legal issues raised in Defendant's summary judgment motion and the likelihood of her case surviving that motion.

Mr. Batey's testimony is corroborated, at least to a certain extent, by the documentary evidence. It is unlikely that the mediator would have taken the time and trouble to draft the Term Sheet if the parties had not yet reached an agreement. Moreover, the mediator, who participated in the discussions with Plaintiff, reported to the Court that the parties had reached agreement and that the case was "settled in full." (ECF No. 39, PageID.550). The mediator is well-known to this Court and enjoys the confidence of the undersigned judicial officer.

---

[4] The Term Sheet was admitted into evidence as Exhibit A, a copy of which is found in the docket at ECF No. 41-1, PageID.558-59.

Plaintiff's testimony also corroborates, in some respects, Mr. Batey's testimony. She testified that Defendant initially did not want to pay her anything. She acknowledged that, at one point in the mediation, the mediator told her Defendant offered $30,000.00 and "nothing more." She also acknowledged that Mr. Batey discussed with her his views regarding the strength of her case in light of the former supervisor's deposition testimony to the effect that Plaintiff had threatened co-workers.

Plaintiff appears to be a nice person, and the Court does not doubt her sincerity in *believing* she is entitled to more compensation than $30,000.00. But her testimony denying that she agreed to the terms on the Term Sheet, specifically the monetary term is not credible.

Plaintiff acknowledged that she was advised that Defendant was unwilling to pay more than $30,000.00. But she denied even being asked by either the mediator or Mr. Batey if she would accept this offer. It is simply unreasonable to believe that the mediator or Mr. Batey would advise Plaintiff of Defendant's last best offer without then asking if she was willing to accept it. The incredulity of her testimony in this regard undermines her credibility generally.

Plaintiff's credibility is further undermined by her contention that neither the mediator nor Mr. Batey discussed any of the terms on the Term Sheet with her. As noted above, it is highly unlikely that a mediator would take the time and trouble to draft a document outlining terms that had not yet been agreed to; much less is a mediator going to document terms that had not even been discussed.

Plaintiff testified that she believed Defendant was going to pay her attorney's fees, even though she conceded that no one told her that.  This testimony presents two problems for Plaintiff:  first, it suggests that she did believe the parties had reached settlement, as it would make no sense for anyone to think Defendant would pay her attorney's fees absent a settlement; second, it further undermines her credibility, as she later conceded that her retainer agreement with counsel required her to pay him a third of any amount recovered.

It is evident to the Court that Plaintiff had buyer's remorse after the mediation session concluded.  As she testified during the hearing:  "I think they [Defendant] should have given me way more money than that."  She may believe that, but it is not a basis to undo the settlement agreement reached during the April 28 settlement conference.

Having found that the parties reached agreement on all material terms, as reflected in the Term Sheet, the Court will enforce the settlement agreement. Given the circumstances of this case, and the relative strength of Defendant's summary judgment motion,[5] the Court finds that the terms of the settlement agreement are reasonable.  Further, the Court finds that there is sufficient evidence to support Mr. Batey's claim for fees and expenses in the amount of $14,169.19.  (*See* Amended Notice of Lien, ECF No. 56; Retainer and Fee Agreement, ECF No. 56-1).

---

[5] The Court is not offering an opinion on how it may have ruled on the issues in the summary judgment motion; it is simply noting that there was ample basis for Plaintiff's counsel to have concerns about whether his client's case would get to trial.

Conclusion

For the reasons articulated herein, Defendant's motion to enforce the settlement agreement (ECF No. 41) is **GRANTED**. Further,

**IT IS ORDERED** that the parties shall, within 21 days of the date of this Order, execute the terms on the Term Sheet (ECF No. 41-1, PageID.558-59).

**IT IS FURTHER ORDERED** that Defendant shall pay the Batey Law Firm, PLLC, the sum of $14,169.19 from the $30,000.00 settlement, and disperse the remainder of the $30,000.00 settlement as outlined in the Term Sheet.

**IT IS FURTHER ORDERED** that Defendant shall, within thirty days of the date of this Order, certify that all terms of the settlement agreement have been satisfied, at which time the Court will dismiss this case.

**IT IS SO ORDERED.**

Date: August 29, 2022                    /s/ Phillip J. Green
                                         PHILLIP J. GREEN
                                         United States Magistrate Judge